## CHILD RUNS INTO A CAR AND IS INJURED.

Court of Appeals for Hamilton County.

HARRY COHN, BY HIS NEXT FRIEND, SAMUEL D. COHN, V. THE CINCINNATI TRACTION COMPANY.

Decided, November 29, 1915.

*Negligence—Degree of Care Required of a Motorman Toward Children in the Street—Addressing of a Remark to a Juror Not Misconduct, When.*

1. A reply by a young attorney, not connected with the case on trial, to a casual question by a juror as the jury were retiring for deliberation, does not constitute misconduct warranting a reversal of the judgment.
2. It is not error to refuse to charge a jury, in an action against a traction company for injury to a child, that if the motorman had reason to believe the child might come upon the track or within the danger zone of the car, then he was bound to exercise more than the ordinary degree of care incumbent upon him.
3. A traction company is not liable for injury to a child eight years of age, who became frightened and in attempting to cross the street ran into a rapidly moving car, colliding with the car just behind the forward vestibule.

*Moulinier, Bettman & Hunt,* for plaintiff in error.
*Joseph Wilby* and *James G. Stewart,* contra.

GORMAN, J.

The plaintiff in error by his next friend sought to recover damages for personal injuries claimed to have been received on account of the negligence of defendant in error, whereby he was struck by a street car on Woodburn avenue, Cincinnati, on the 20th of February, 1912.

The plaintiff in error was a child eight years of age on his way to school. The evidence shows that he together with two schoolmates were going south on Woodburn avenue to attend school. While walking along the street on the sidewalk they noticed an empty brick wagon going south on Woodburn avenue towards their schoolhouse. The boys thereupon got be-

hind the brick wagon, Harry Cohn taking hold of the clothing of one of his companions. Almost immediately after getting behind the wagon they noticed an automobile approaching behind them going towards the south, and becoming frightened the boys ran towards the sidewalk. Harry Cohn running towards the west sidewalk and then towards the east side of Woodburn avenue. The car of the defendant company was passing north at a rapid rate of speed, and the evidence shows that the boy ran into the car near the front part where the front vestibule curved. It was a large pay-as-you-enter car with a stove on the left hand side, and the evidence of all of the witnesses who observed the accident was to the effect that the boy was either struck or ran into the car just about where the stove in the front vestibule was located, and not in view of the motorman. The boy did not get upon the northbound track on which the car was running. The car went on, and apparently the conductor and motorman failed to see the boy who after being struck was thrown unconscious in the street between the two tracks. No person who was on the car was called as a witness.

The jury found for the defendant, and it is now claimed that there was error in the case in two respects: first, that there was misconduct, not on the part of counsel for defendant, but on the part of a young attorney who at that time had his desk in the office of counsel for defendant but was in no way associated with counsel for defendant or interested in the cause. It is claimed that this young lawyer spoke to one of the jurors as the jury was retiring after being charged by the court, and the father of the boy claims that he understood this young man to say to this juror "A verdict for the defendant in this case, gentlemen, please."

The lawyer makes an affidavit to the effect that he knew the juror to whom he spoke, and that he and the juror had been witnessing the trial of a case in another room from that in which the case at bar was being tried, and the juror asked the lawyer what the verdict was in the other case in the other room, and he said to him there was a verdict for the defendant. Counsel

for plaintiff do not claim that there was any intentional wrong on the part of this young attorney, but claim that his statement might have been overheard by the jury, and what he said might be construed as a request that the jury return a verdict for the defendant in the case at bar.

We have carefully considered this matter, and are of the opinion that there was no misconduct on the part of the young attorney, and nothing which would warrant the court in re-versing the judgment on the ground of misconduct. Counsel for defendant in error are not responsible for what the young man may have said, nor is it shown that they were in any way chargeable with knowledge of what he did or said. The trial court to whom the motion for new trial was directed had the whole situation before him, and he having refused to set aside the verdict because of misconduct, we feel that this court would not be in as good a position to determine the question of misconduct as the trial court.

The second ground of error complained of is that the court failed to charge the jury as to the proper degree of care which should be exercised by the motorman towards the plaintiff a child eight years of age.

The charge of the court upon this point we think was full and fair and laid down the correct rule as we conceive it. In defining negligence, the court in his charge uses the following language:

"Now this, gentlemen, brings us to the consideration of what were the relative rights and duties of the parties to this suit. Both parties * * * had an equal right in the streets, the trac-. tion company to operate its cars along the rails which are laid in the streets, and the plaintiff to walk in the street or to go across the street at a crossing, but each person, that is to say the plantiff and the defendant, owed a reciprocal duty one to the other, to avoid injuring each other. The traction company, in approaching a street crossing with its car, must have its car under control, and must give warning of its approach. A pe-destrian going across the street at a street crossing must use his faculties to look where he is going, to see that he himself does not run into danger, and both parties have a right to an-ticipate that neither one will be guilty of negligence. The

plaintiff Cohn had a right to expect, when he was crossing the street at a crossing, that the traction company would not be guilty of any negligence in operating its car, and the traction company had a right to expect that a person would not run in front of its cars, if that person had notice of the approach of the car."

The court further charged as to the duty of the pedestrian and the defendant company:

"A man crossing the street must use his faculties and exercise his prudence, as the circumstances at the crossing demand, to avoid being injured by others who may be using the streets, and so those operating the cars must exercise ordinary care and prudence, as required by the situation, to avoid injuries to anyone else who may be using the streets."

The court further charged the jury that the degree of care which was to be exercised by the motorman was "ordinary care under the circumstances."

At the close of the charge, counsel for the plaintiff requested the court to charge as follows:

"I want to suggest that you charge the jury that if the motorman had reason to believe that the child might come upon the car track, or within the danger zone of the car, then he must exercise more than the ordinary degree of care."

The court refused to give this charge, and it is complained that in so doing the court erred. At least it is claimed the court should have given some such charge as this, or should have charged that the defendant company owed a higher degree of care than ordinary care to the plantiff because of his tender years.

This court, in the case of *Cincinnati Traction Co.* v. *Burkhardt*, reported in the *Court Index*, September 15, 1915, held that it was improper for the court to charge the jury that a greater degree of care than ordinary care was necessary where a person who was about to board a car had a crippled hand.

To the same effect is the ruling in *Morgenroth v. Traction Co.*, 18 C. C. (N. S.), 306, in which the court says, on page 306:

"In an action for damages against a traction company for injury sustained by a child run over while playing in the street, a request to charge the jury, 'that a street railway company in the operation of its cars upon the public streets is required to exercise more care at those places where children congregate and play than is ordinarily required,' should not be given, for 'ordinary care' is the standard, and not 'more care than is ordinarily required.' "

We think the record in this case fails to show that the defendant company was guilty of such culpable negligence as would warrant the jury in returning a verdict in favor of the plaintiff. It appears that the verdict and the judgment were as they should have been, and therefore it is not material what errors may have been committed in the trial of the cause, because the same would not be prejudicial to the plantiff in error if upon the whole view of the case the plantiff failed to establish a case entitling him to recover

Judgment affirmed.

JONES (E. H.), P. J., and JONES (OLIVER B.), J., concur.